OPINION — AG — (1) ANY DAY THE SENATE SITS SOLEY AS A COURT OF IMPEACHMENT MAY NOT BE CONSIDERED A "LEGISLATIVE DAY" AS FAR AS MEMBERS OF THE SENATE ARE CONCERNED. HOWEVER, IF DURING ANY DAY THAT THE SENATE IS SITTING IN ITS JUDICIAL CAPACITY, IT RECONVENES AS A SENATE FOR THE PURPOSE OF CONDUCTING LEGISLATIVE BUSINESS, SUCH DAY MUST BE CONSIDERED A "LEGISLATIVE DAY" REGARDLESS OF THE LENGTH OF TIME SPENT AS A LEGISLATIVE BODY DURING SAID DAY. (2) THE FACT THAT THE HOUSE OF REPRESENTATIVES PERFORMS ITS LEGISLATIVE FUNCTIONS ON DAYS THAT THE SENATE IS SITTING SOLELY AS A COURT OF IMPEACHMENT WOULD NOT TRANSFORM THE SENATE JUDICIAL SERVICE INTO "LEGISLATIVE DAYS". (3) IF THE HOUSE OF REPRESENTATIVES CONSENT TO THE SENATE ORGANIZING AS A COURT IN EXCESS OF THREE DAYS FOR THE PURPOSE OF THE IMPEACHMENT TRIAL OF SUPREME COURT JUSTICE N. B. JOHNSON, THE FACT THAT SAID BODY, AFTER SAID TRIAL BEGINS, RECONVENES AS A SENATE TO DISCHARGE SOME LEGISLATIVE FUNCTION, WOULD NOT NECESSITATE ANOTHER GRANT OF CONSENT FROM THE HOUSE WHEN THE SENATE RESUMES THE TRIAL. (4) MEMBERS OF THE SENATE MAY NOT BE ALLOWED "ADDITIONAL PAY" FOR SITTING AS A COURT OF IMPEACHMENT AFTER THE LEGISLATURE HAS ADJOURNED SINE DIE. CITE: ARTICLE V, SECTION 21, 51 O.S. 1961 68 [51-68], ARTICLE V, SECTION 30, ARTICLE VIII, SECTION 4 (BRUCK BAILEY)